UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

DANIEL CONDE LARA,

    Plaintiff,

v.

WILLIAM R. NASH, INC.,
a Florida Profit Corporation
WILLIAM R. NASH, JR., individually,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, William R. Nash, Inc. and William R. Nash, Jr., pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, and in support thereof states the following:

### I. STATEMENT OF THE CASE

1.    On January 26, 2017, Plaintiff Daniel Conde Lara filed a Complaint against Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The action is styled *Daniel Conde Lara v. William R. Nash, Inc. and William R. Nash, Jr.*, and is designated Case No. 2017-001999-CA-01 (hereafter referred to as the "State Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit A**.

2. Counts I and II of the Complaint assert claims against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Ex. A, Pl.'s Compl. ¶¶ 1, 19-32. Count III of the Complaint asserts a claim against William R. Nash, Inc. for retaliatory discharge in violation of Fla. Stat. § 440.205. Ex. A, Pl.'s Compl. ¶¶ 1, 33-39.

## II. GROUNDS FOR REMOVAL

3. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint asserts claims arising under federal law; specifically, it alleges violations of the FLSA.

5. Venue is proper in the United States District Court for the Southern District of Florida. The Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County is located within the Miami Division of the United States District Court for the Southern District of Florida. 28 U.S.C. § 89(c). Therefore, venue is proper in this Court because it is the "district court and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Plaintiff's workers' compensation retaliation claim should be remanded. Defendants do not contest that Count III, which arises under the state Workers' Compensation Act, should be remanded. Under 28 U.S.C. § 1445(c), a "civil action . . . arising under the workmen's compensation laws of such state" should be remanded.

7. Defendants intend to remove and keep in federal court only the FLSA claims (Counts I and II). However, procedurally, 28 U.S.C. § 1441 only permits removal of "actions"

2

and not individual claims. As a result, Defendants have no choice but to remove the entire action to federal court. Following this removal, Defendants have no objection to remand of the claim in Count III.

### III. CONSENT OF OTHER DEFENDANTS

8. There are no other defendants who would need to join in, or consent to, this Notice of Removal.

### IV. TIMELINESS OF REMOVAL

9. William R. Nash, Inc. was first served with the summons and complaint on March 24, 2017. William R. Nash, Jr. was subsequently served on April 5, 2017. Thus, Defendants are filing this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### V. NOTICE OF REMOVAL GIVEN TO STATE COURT

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court for Miami-Dade County, Florida. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

Dated: April 13, 2017

                Respectfully submitted,

                OGLETREE, DEAKINS, NASH,
                  SMOAK & STEWART, P.C.
                701 Brickell Avenue, Suite 1600
                Miami, Florida 33131-2813
                Telephone: 305.374.0506
                Facsimile:  305.374.0456


                <u>/s/ Paul De Boe</u>
                 David M. DeMaio
                  Florida Bar Number 886513
                  david.demaio@ogletreedeakins.com
                 Paul J. De Boe
                  Florida Bar Number 52051
                  paul.deboe@ogletreedeakins.com

                *Counsel for Defendants,*
                  *William R. Nash, Inc. and William R. Nash, Jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Paul De Boe
Paul De Boe

**SERVICE LIST**
*DANIEL CONDE LARA v. WILLIAM R. NASH, INC. AND WILLIAM R. NASH, JR.*
United States District Court, Southern District of Florida
CASE NO. _____

>Peter M. Hoogerwoerd, Esq.
>pmh@rgpattorneys.com
>REMER & GEORGES-PIERRE, PLLC
>44 West Flagler Street, Ste. 2200
>Miami, FL 33130
>Telephone: 305.416.5000
>Facsimile: 305.416.5005
>
>*Counsel for Plaintiff,*
>  *Daniel Conde Lara*
>
>Method of Service: CM/ECF and U.S. Mail
>
>
>David M. DeMaio
>  david.demaio@ogletreedeakins.com
>Paul J. De Boe
>  paul.deboe@ogletreedeakins.com
>OGLETREE, DEAKINS, NASH,
>  SMOAK & STEWART, P.C.
>701 Brickell Avenue, Suite 1600
>Miami, Florida 33131-2813
>Telephone: 305.374.0506
>Facsimile: 305.374.0456
>
>*Counsel for Defendants, William R. Nash,*
>*Inc. and William R. Nash, Jr.*